**LOOSE LEAF HARDWARE, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 83–5723, 83–5881.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 2, 1984.

Decided Nov. 21, 1984.

Rehearing Denied Feb. 14, 1985.

William H. Bruckner (argued), Houston, Tex., for petitioner.

Elliott Moore/John Coyle (argued), Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.

Before ENGEL and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This matter is before the Court on the petition of Loose Leaf Hardware, Inc. (the Company) to review a supplemental order of the National Labor Relations Board issued August 26, 1983, reported at 267 NLRB No. 106 (1983). The Board has cross-petitioned for enforcement of the same order.

On June 7, 1979, the Board conducted a secret ballot representation election among the Company's employees. The employees voted 99 to 63 in favor of representation by the International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local 667 (the Union). The Company filed objections to the election, alleging among other things, that Union

business agents "openly threatened and harassed employees with physical violence or other reprisals if they crossed a picket line" and that similar threats were made by employees who were union adherents to fellow employees; and, as a result, an atmosphere was created within the Company's plant whereby employees were forced into voting for the Union and denied a free choice. Upon the recommendation of the Regional Director, the majority of a three member panel of the Board overruled the objections without granting a hearing and certified the Union as the exclusive bargaining agent for the Company's employees. 246 NLRB 350 (1979). The Company then refused to bargain with the Union, contending that the election was invalid. The Board thereupon entered an order requiring the Company to cease and desist from refusing to bargain with the Union, to recognize and bargain with the Union upon request, and to post an appropriate notice. 251 NLRB 168 (1980). Holding that "it was error for the Board to have denied the Company a hearing on its first two objections to the election," this Court denied enforcement of the order and remanded the case for a hearing on these two objections. *Loose Leaf Hardware, Inc. v. NLRB*, 666 F.2d 1036 (6th Cir.1981).

Following remand, a hearing was conducted before an Administrative Law Judge (ALJ). The ALJ overruled the Company's objections and recommended retroactive application of the Board's original order. The Board adopted the ALJ's recommendation and reaffirmed its order of August 14, 1980. 267 NLRB 106 (1983). Reference is made to the reported decisions of the Board for a more complete recitation of pertinent facts.

On this petition for review, the Company contends that the ALJ's decision to discredit one of the Company's witnesses is not supported by substantial evidence on the record, that the ALJ was predisposed to rule against the Company and that the Board's original order may not be applied retroactively.

 Upon consideration, this Court holds that substantial evidence on the record as a whole supports the Board's conclusion, on this Court's remand, that the Company failed to support its allegations of objectionable pre-election conduct by the Union; and that the Company violated Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with the Union as the certified representative of its employees.

The Company's bargaining obligation arose at the time of the election and not when the Board reaffirmed on remand. An employer's objections to certification do not relieve the employer of its duty to bargain. *NLRB v. Allied Products Corp.*, 548 F.2d 644, 653 (6th Cir.1977).

Accordingly, the decision and order of the Board are enforced. No costs are taxed. The parties will bear their own costs in this Court.